UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DAYLE ANN IMPERATO, | No. 2:19-cv-411 WBS EFB |
| Plaintiff, | |
| v. | |
| KRISTA MITCHELL, | |
| Defendant. | |
| DAYLE ANN IMPERATO, | |
| Plaintiff, | |
| v. | |
| KELLY MITCHELL, | No. 2:19-cv-412 WBS EFB |
| Defendant. | MEMORANDUM AND ORDER |

----oo0oo----

1

1 | Plaintiff Dayle Imperato initiated these actions
2 | seeking temporary restraining orders against defendants Krista
3 | Mitchell and Kelly Mitchell. Defendants removed both cases to
4 | this court under 28 U.S.C. § 1443, 28 U.S.C. § 1331,[1] and 28
5 | U.S.C. § 1455. (Krista Mitchell Docket No. 1; Kelly Mitchell
6 | Docket No. 1.) Defendants now move for summary judgment in both
7 | cases.[2] (Krista Mitchell Docket No. 7; Kelly Mitchell Docket No.
8 | 8.)

I. Background

Early in February 2019, plaintiff sought temporary restraining orders against both defendants. (Krista Mitchell Docket No. 1; Kelly Mitchell Docket No. 1.) Plaintiff alleged that she was concerned for her safety and well-being after the parties became involved in a disagreement over a rental property that plaintiff was leasing to these defendants. (Id.) The Sacramento Superior Court granted plaintiff's requests for temporary restraining orders on February 13, 2019 and scheduled a hearing for March 8, 2019 to determine whether these restraining orders would be made permanent. (See Defs.' Req. for Judicial Notice Exs. D1 & D2 (Krista Mitchell Docket No. 7-2; Kelly Mitchell Docket No. 8-2).) Defendants, however, removed these cases to this court on March 7, 2019. (Krista Mitchell Docket

---

[1] 28 U.S.C § 1331 is not a removal statute, rather the statutory basis for federal-question subject-matter jurisdiction. However, civil actions presenting federal questions may be removed under 28 U.S.C. § 1441.

[2] This court took these motions under submission on the papers, without oral argument, pursuant to Local Rule 230(g).

2

No. 1; Kelly Mitchell Docket No. 1.)  Despite the case being removed, the Superior Court conducted a hearing in both cases on March 8, 2019 and denied plaintiff's request to make these temporary restraining orders permanent.  (See Defs.' Req. for Judicial Notice Exs. D3 & D4.)[3]  In light of these decisions in state court, defendants move for summary judgment.

II. Discussion

While federal law sets the conditions under which a defendant may remove state court proceedings to federal court, "defendant[s] seeking removal ha[ve] the burden to establish that removal is proper and any doubt is resolved against removability."  See Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008).  Similarly, removal statutes are construed against removal.  Id.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Because the lack of subject-matter jurisdiction is never waived or forfeited, the court may determine that it lacks subject-matter jurisdiction sua sponte.  See Gonzales v. Thaler, 565 U.S. 134, 141 (2012).

    A.    Removal Under 28 U.S.C. § 1443

For their cases to be removable under Section 1443, defendants (1) "must assert, as a defense to the prosecution,

---

[3] The court takes judicial notice of the facts contained within Exhibits D1, D2, D3, and D4, because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2); see also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

rights that are given to them by explicit statutory enactment protecting equal racial civil rights" and (2) "must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or constitutional provision that purports to command the state courts to ignore the federal rights." See Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (quoting Cal. v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970)). Only in an "unusual case" will defendants be able to demonstrate that the state court will be unable to enforce their federal civil rights. Johnson v. Mississippi, 421 U.S. 213, 219 (1975).

Here, defendants simply assert that California Code of Civil Procedure § 527.6 commands California state courts to ignore defendants' federal civil rights under 42 U.S.C. §§ 1981(a) & 1983. The mere "recitation of the language of the relevant statutory language is not sufficient to qualify as the type of 'unusual case' meriting removal to federal court pursuant to 28 U.S.C. § 1443(1)." See City of Elk Grove v. Elk Grove Animal Rescue, No. 2:19-cv-439 TLN KJN, 2019 WL 1238815, at *3 (E.D. Cal. Mar. 18, 2019). Defendants have not identified any specific language in the state statute "that prohibits them from enforcing their civil rights in state court." Patel, 446 F.3d at 999. And they have failed to "point to anything that suggests that the state court would not enforce their civil rights in the state court proceedings." Id.

Accordingly, it was improper to remove these cases to federal court under 28 U.S.C. § 1443.

4

B.  Removal Under 28 U.S.C. § 1441

Removal is proper under Section 1441 in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Defendants argue that this court has federal-question jurisdiction under 28 U.S.C. § 1331, because they have alleged federal claims against plaintiff in a different action: Mitchell v. Imperato, No. 2:19-cv-297 WBS EFB. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

None of the federal provisions defendants rely on are implicated by the underlying state-law proceedings at issue in these cases. These proceedings involve the propriety of restraining orders sought under California Code of Civil Procedure § 527.6. Defendants cannot merely mention federal rights in their notice of removal and thereby confer subject-matter jurisdiction on this court. See City of Elk Grove, 2019 WL 1238815, at *4. That is because federal jurisdiction may not rest upon any potential federal-law counterclaims or defenses. See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (Federal jurisdiction cannot "rest upon an actual or anticipated counterclaim."); Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court."). Because no federal question is "disclosed upon the face of the complaint[s]"

5

here, this court does not have jurisdiction under 28 U.S.C. § 1331. See Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086 (9th Cir. 2009) (quoting Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127-28 (1974) (per curiam)).[4]

Accordingly, the court finds that there was no basis to remove these actions to federal court under 28 U.S.C. § 1441.

### C. Removal Under 28 U.S.C. § 1455

Criminal defendants in state court may remove their criminal prosecutions to federal court in certain circumstances. 28 U.S.C. § 1455. "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." Id. § 1455(b)(4). This removal provision is plainly inapplicable in these circumstances. Plaintiff seeks civil restraining orders under a provision that appears in the California Code of Civil Procedure. See Harris v. Stampolis, 248 Cal. App. 4th 484, 496 (6th Dist. 2016). Nothing within this civil statute implicates the state's criminal process. See Emerson v. Mitchell, No. 2:18-CV-02200-TLN-DB, 2019 WL 1405600, at *2 (E.D. Cal. Mar. 28, 2019).

Accordingly, removal in these actions was not proper

---

[4] This court also does not have supplemental jurisdiction over these cases under 28 U.S.C. § 1367(a) simply because there is a related federal action. The supplemental jurisdiction statute "does not authorize supplemental jurisdiction over free-standing state law claims that are related to a separate action over which the court has jurisdiction." See Wescom Credit Union v. Dudley, No. 10-cv-8203 GAF SSX, 2010 WL 4916578, at *3 (C.D. Cal. Nov. 22, 2010); see also Fabricius v. Freeman, 466 F.2d 689, 693 (7th Cir. 1972) ("That a related case was pending in federal court was not in itself sufficient grounds for removal under 28 U.S.C. § 1441.").

under 28 U.S.C. § 1455.

IT IS THEREFORE ORDERED THAT <u>Imperato v. Krista Mitchell</u>, 2:19-cv-411 WBS EFB, and <u>Imperato v. Kelly Mitchell</u> 2:19-cv-412 WBS EFB, be, and the same hereby are, REMANDED to the Superior Court of California, in and for the County of Sacramento.

IT IS FURTHER ORDERED THAT defendants' Motions for Summary Judgment (Krista Mitchell Docket No. 7; Kelly Mitchell Docket No. 8) be, and the same hereby are, DENIED AS MOOT.

The Clerk of this Court shall forward a copy of this Order to the Clerk of the Superior Court of California, in and for the County of Sacramento.

Dated: June 27, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE